# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-20735
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 20, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CESAR AVILA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-655-1

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Cesar Avila appeals his conviction for conspiracy to commit hostage taking in violation of 18 U.S.C. § 1203(a). He contends that there was insufficient evidence that he agreed to commit hostage taking and was a willful participant in any such conspiracy.

We review de novo the sufficiency of the evidence. *See United States v. Garcia-Gonzalez*, 714 F.3d 306, 313 (5th Cir. 2013). "The analysis focuses on 'whether, after viewing the evidence in the light most favorable to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Zamora*, 661 F.3d 200, 209 (5th Cir. 2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)), *cert. denied*, 132 S. Ct. 1771 (2012).

Hostage taking involves "(1) seiz[ing] or detain[ing] another person, and (2) threaten[ing] to kill, injure or continue to detain that person, (3) with the purpose of compelling a third person or government entity to act in some way." *United States v. De Jesus-Batres*, 410 F.3d 154, 160 (5th Cir. 2005). To prove a conspiracy to commit hostage taking, the Government was required to prove that Avila directly or indirectly agreed to commit hostage taking, knew that the purpose of the agreement was unlawful, and voluntarily joined in the agreement to further its unlawful purpose. *Id.*

Viewing the evidence in the light most favorable to the Government, a rational trier of fact could have inferred that Avila agreed to commit hostage taking and was a voluntary participant in the conspiracy. *See Zamora*, 661 F.3d at 209 (drug conspiracy case). All the hostages identified Avila as their captor. Avila engaged in methods commonly used by smugglers to keep hostages from escaping and made threatening phone calls to the hostages' friends and families demanding money for their release. Avila was entrusted with the hostage ledger and a handgun and guarding and transporting the hostages and was assisted by other smugglers in these activities. There was no direct evidence of an express agreement to commit hostage taking. However, the coordinated activities among Avila and the other smugglers supported the inference that Avila agreed to and was a voluntary participant in the conspiracy. *See id.* at 210 (explaining that a "concert of action" among conspirators can indicate agreement and voluntary participation in a conspiracy). Although much of the evidence implicating Avila in the conspiracy came from two hostages' testimony, "[t]he jury is solely responsible for determining the weight and credibility of the evidence; this court

will not substitute its own determination of credibility for that of the jury." *United States v. Casilla*, 20 F.3d 600, 602 (5th Cir. 1994).

The judgment of the district court is AFFIRMED.